# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:20MJ 244 -1
Property of 104 St Thomas Drive, Apartment 2A, )
Greensboro, NC 27406 )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the     Middle     District of     North Carolina    
*(identify the person or describe the property to be searched and give its location)*:

the property located at 104 St Thomas Drive, Apartment 2A, Greensboro, NC, 27406, more particularly described in Attachment A ~~of the affidavit~~. *LPA*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence, fruits, and instrumentalities of violations 18 U.S.C. 2252, 2252A(a)(5)(B) and (b)(2), more specifically described in Attachment B ~~of the affidvait~~. *LPA*

**YOU ARE COMMANDED** to execute this warrant on or before   Sept 1, 2020   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Honorable L. Patrick Auld    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   August 18, 2020, 10 AM          *[signature]*
                                                        *Judge's signature*

City and state:     Greensboro, North Carolina          L. Patrick Auld, U. S. Magistrate Judge
                                                        *Printed name and title*

| Return | | | |
|---|---|---|---|
| Case No.: 1:20MJ -1 | | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The entire property located at 104 St. Thomas Drive, apt. 2A, Greensboro, NC 27406. The residence is within the Woodland Heights apartment complex. Building 104 on St. Thomas Drive has three levels with each floor containing multiple apartments accessible via an open, breezeway-style stairwell. The outside of the building is comprised of light-colored stone, with tan in color vinyl siding and black in color shutters outside of the windows. The apartment at the SUBJECT PREMISES is on the second level with a black in color door with a placard affixed to the door bearing "2A" in black in color number/letter against a white backdrop. The door has a silver in color door knocker affixed underneath the "2A" placard, and also has a silver in color door handle and deadbolt lock. See attached photographs.

56





# ATTACHMENT B

## ITEMS TO BE SEARCHED AND/OR SEIZED

This warrant authorizes (i) the search of the property identified in Attachment A for only the following and (ii) authorizes the seizure of the items listed below only to the extent they constitute the following:

    (a) evidence of violations of 18 U.S.C. §§ 2252 and 2252A ("subject violations"); or

    (b) any item constituting contraband due to the subject violations, fruits of the subject violations, or other items possessed whose possession is illegal due to the subject violations; or

    (c) any property designed for use, intended for use, or used in committing any subject violations.

Subject to the foregoing, the items authorized to be seized are:

1. Computers or storage media used as a means to commit the violations described above.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which are stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created,

edited, or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

e. evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

f. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

g. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

h. records of or information about Internet Protocol addresses used by the COMPUTER;

3. Routers, modems, and network equipment used to connect computers to the Internet.

4. Child pornography, as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and child erotica.

5. Records, information, and items relating to violations of the statutes described above in the form of:

   a. Records, information, and items reflecting the occupancy or ownership of the SUBJECT PREMISES, 104 St. Thomas Drive, apt. 2A, Greensboro, NC 27406, including utility and telephone bills, mail envelopes, or addressed correspondence;

   b. Records, information, and items reflecting the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;

   c. Records and information reflecting the identity or location of the persons suspected of violating the statutes described above;

61

d. Records and information relating to sexual exploitation of children, including correspondence and communications between users of child pornography and exploitation websites.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD cards, macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, compact discs, magnetic tapes, memory cards, memory chips, and other magnetic or

62

optical media.

During the execution of the search of the PREMISES described in Attachment A, law enforcement personnel are also specifically authorized to compel Anthony MASTRIACO to provide biometric features, including pressing fingers (including thumbs) against and/or putting a face before the sensor, or any other security feature requiring biometric recognition, of:

    (a)    any of the DEVICES found at the PREMISES, and

    (b)    where the DEVICES are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the DEVICES's security features in order to search the contents as authorized by this warrant, but only if Anthony MASTRIACO is present at the PREMISES at the time of execution and the process is carried out with dispatch in the immediate vicinity of the PREMISES.

This warrant does not authorize law enforcement personnel to compel any other individuals not residing, but otherwise found at the PREMISES, to

provide biometric features, as described in the preceding paragraph, to access or otherwise unlock any DEVICE. Further, this warrant does not authorize law enforcement personnel to compel Anthony MASTRIACO state or otherwise provide the password or any other means that may be used to unlock or access the DEVICES, including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the DEVICES.

64

Case 1:20-mj-00244-LPA   Document 2   Filed 08/18/20   Page 11 of 11